**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ANTHONY D. ORAM,

    Plaintiff,

    v.                            Civil Action No.:  SAG-23-399

BALTIMORE COUNTY POLICE DEPT.,
DET. LANKFORD, K.,

    Defendants.

**MEMORANDUM OPINION**

    Pending in this civil rights case is Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment.  ECF 16.  Plaintiff Anthony D. Oram, who is currently incarcerated at Roxbury Correctional Institution and is proceeding pro se, opposes the motion.  ECF 18.  No hearing is required to resolve the matters pending.  *See* L. R. 105.6 (D. Md. 2023).  For the reasons that follow, Defendants' motion shall be granted.

**BACKGROUND**

    Oram alleges that on March 31, 2022 at 9:30 a.m., on Park Heights Avenue and Quantico Avenue, Detective Lankford of the Baltimore County Police crashed into Oram's car.  ECF 1 at 2.  He explains that he was in a Toyota Avalon and was first hit from behind and then rammed from the front.  *Id*.  This caused him to hit his head twice on the steering wheel injuring his neck, shoulder, head, and lower back.  *Id*. at 2-3.

    According to Oram, he was taken to St. Joseph's Medical Center on April 3, 2022, after he suffered a seizure due to hitting his head on the steering wheel.  ECF 1 at 3.  He claims the seizure was the result of his car being rammed by Baltimore County Police and the head injury he suffered at that time.  *Id*.  He adds that there were three other people in his car.  *Id*.

Defendants explain that Oram was arrested on March 31, 2022 but Detective Lankford was not one of the arresting officers and was not present during the arrest. ECF 16-2 at 2, ¶ 9. The arrest occurred as a result of a joint investigation with Baltimore City Police regarding "nine violent commercial armed robberies committed throughout the west side of Baltimore County and Baltimore City." *Id*. at 1, ¶ 2. Oram "was identified as one of four suspects involved [in the robberies] and was known to own and operate a white 4-door 2001 Toyota Avalon with a sunroof, VIN #4T1BF28B81U116643." *Id*. at ¶ 3. Oram's car was known to be one of the vehicles used in connection with the robberies under investigation. *Id*. at ¶ 4.

After developing information indicating that the residence located at 2908 Rockrose Avenue was connected to the people suspected of committing the robberies, detectives set-up surveillance in the area of that address. ECF 16-2 at 1, ¶ 6. On March 31, 2022, the Toyota Avalon was seen driving up the street and parking close to the house on Rockrose Avenue. *Id*. at 1-2, ¶ 6. Two women matching descriptions of two women involved in the robberies were seen leaving the house and getting into the Toyota. *Id*. Detectives then conducted a stop of the car and the four occupants were identified as the robbery suspects; all four were arrested and taken to Baltimore County Police headquarters. *Id*. at 2, ¶ 7.

According to Defendants, the stop of Oram's car was accomplished using multiple police vehicles without incident. ECF 16-2 at 2, ¶ 8. No damage was sustained to any police vehicles or to Oram's car. *Id*. Defendants Baltimore County Police Department and Detective Kimberly Lankford provide, in support of their motion, pictures of Oram's car. ECF 16-3. The photographs show no damage to the car. *Id*.

Detective Lankford conducted a "Post-Miranda interview" of Oram following his arrest. ECF 16-2 at 2, ¶ 10.  She did not see any injuries to his face or body and recalls that he did not complain of any injuries, nor did he request emergency medical care.  *Id.*

## STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  The court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted).   "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphases added).   "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'"  *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)).   "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

Defendants' Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56(a). A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where a plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for a court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; a court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261. Because Defendants filed their motion as a motion to dismiss, or in the alternative, for summary judgment, Oram was on notice that the Court could treat the motion as one for summary judgment and rule on that basis.

**ANALYSIS**

Defendants assert that Baltimore County Police Department is not an entity that may be sued pursuant to 42 U.S.C. § 1983 and the undisputed facts establish that no damage occurred to either Oram's car or to Oram himself.[1]  ECF 16-1 at 3.  Oram's Response in Opposition consists of conclusory statements that reassert the claims asserted in his complaint.  ECF 18.  He does not address the evidence submitted by Defendants in support of their motion.  *Id*.

Although neither of Oram's claims are clearly stated, liberally construed Oram's complaint asserts a Fourth Amendment claim of excessive force during his arrest that resulted in his alleged injury.  ECF 1.  His complaint may also be construed as asserting a State law negligence claim.  Because Oram has not adequately opposed Defendants motion, neither claim may proceed before this Court.

**A.      Baltimore County Police Department**

Baltimore County Police Department is not a "person" within the meaning of 42 U.S.C. § 1983.  A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983.  *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").  Conduct amenable

---

[1]      Because this Court finds that the undisputed facts defeat any claim, constitutional or otherwise, Defendant Lankford's qualified immunity defense is not addressed.

to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, Baltimore County Police Department is not a person and must be dismissed from suit.

**B.      Detective Kimberly Lankford**

Detective Lankford asserts that she was not present when Oram was arrested and that, nevertheless, Oram's car was not damaged during the stop that resulted in his arrest.  Oram fails to dispute either of those assertions in his Opposition Response.

Claims of excessive force during an arrest or investigatory stop are examined under the Fourth Amendment's objective reasonableness standard.  *Graham v. Connor*, 490 U.S. 386, 395-97 (1989); *see also Cty. of Los Angeles v. Mendez*, 581 U.S. 420, 427 (2017) ("The framework for analyzing excessive force claims is set out in *Graham*.").  Reasonableness is assessed by weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."  *Mendez*, 581 U.S. at 427 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)).  Here, the undisputed evidence establishes that the stop of Oram's car in connection with his arrest was reasonable.

The photographs submitted by Defendants, like other evidence or exhibits, are construed in the light most favorable to Oram, as the nonmovant.  *See Brooks v. Johnson*, 924 F.3d 104, 111 (4th Cir. 2019).  In *Scott v. Harris,* 550 U.S. 372, 380 (2007), a summary judgment case, the Supreme Court said that, when "opposing parties tell two different stories," one of which is blatantly contradicted by video evidence in the record, "so that no reasonable jury could believe it, a court should not adopt that version of the facts . . . ."  Rather, a court should "view[] the facts in the light depicted by the videotape."  *Id.*; *see also Sawyer v. Asbury*, 537 F. App'x. 283, 291 (4th Cir. 2013).

In *Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272 (4th Cir. 2011), also a summary judgment case, the Court observed that the principle articulated in *Scott* does not license a court to reject one side's account as a matter of law if the "documentary evidence, such as a video," merely "offers *some* support for [the other side's] version of events." *Id.* at 276 (emphasis in original). Rather, the evidence controls only where it "'blatantly contradict[s]'" one side's testimonial account. *Id.* (quoting *Scott*, 550 U.S. at 380). But, "[i]ncontrovertible evidence relied on by the moving party, such as a relevant videotape whose accuracy is unchallenged, should be credited by the court" when resolving a summary judgment motion "if it so utterly discredits the opposing party's version that no reasonable juror could fail to believe the version advanced by the moving party." *Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir. 2007) (applying *Scott* in context of motion for judgment as a matter of law). Here, Oram has not disputed that the car depicted in the photographs submitted by Defendants is in fact his car. His allegation that his car was rammed by several police cars to such a degree that it cause him to sustain a head injury is refuted by the photographs of his car without any discernible damage. This entitles Detective Lankford to summary judgment in her favor.

## C.   Negligence Claim

To the extent that Oram raises a State law negligence claim, this Court declines to exercise supplemental jurisdiction over such a claim. "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966). Any negligence claim implied in Oram's complaint is dismissed without prejudice.

**CONCLUSION**

By separate Order which follows, Defendants' Motion to Dismiss or for Summary Judgment shall be granted as herein indicated.


March 6, 2024                                    _____/s/_____
Date                                            Stephanie A. Gallagher
                                                United States District Judge